Kyi v. Bondi

BIA
A205 436 789

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-five.

PRESENT:
>    ROBERT D. SACK,
>    SUSAN L. CARNEY,
>    WILLIAM J. NARDINI,
>        *Circuit Judges.*

_____

AUNG LIN KYI,
>        *Petitioner,*

>    v.                                                      **23-6300**
                                                            NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:** Theodore N. Cox, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Kitty M. Lees, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aung Lin Kyi, a native and citizen of Burma, seeks review of a March 23, 2023, decision of the BIA denying his motion to reopen to reapply for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Aung Lin Kyi*, No. A 205 436 789 (B.I.A. Mar. 23, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say,

2

where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

A motion to reopen generally must be filed within 90 days of the final administrative order of removal, but there is an exception to apply for asylum based on changed conditions in the country of removal. 8 U.S.C. § 1229a(c)(7)(C)(i), (ii). Here, the BIA found that there had been a substantial change, but concluded that Kyi had not met the remaining requirements for reopening because his evidence to support his prima facie eligibility for asylum was not previously unavailable nor did it corroborate the basis for his claim. We find no abuse of discretion in that determination.

A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." *Id.* § 1229a(c)(7)(B). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). "[T]he BIA may deny a motion to reopen . . . [if] the movant has not introduced previously unavailable material

evidence" or if the movant fails to establish a prima facie case for the relief sought. *INS v. Abudu*, 485 U.S. 94, 104–05 (1988).

Kyi asserts that his evidence of changed conditions was not previously available, but he does not address the BIA's findings that the letters he submitted to corroborate his past persecution were either previously available, or did not sufficiently corroborate the past events on which his claim was based. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (citation and internal quotation marks omitted). Accordingly, Kyi has not challenged the basis for the BIA's denial of his motion—that his new evidence to establish his past harm does not meet the requirements for reopening in that it could have been presented to the IJ. *Id.*; *see also* 8 C.F.R. § 1003.2(c)(1); *Abudu*, 485 U.S. at 104–05.

Moreover, as the Government argues, Kyi did not exhaust his argument that he has a well-founded fear of future harm independent of his past persecution. In his motion to reopen, Kyi argued that the military coup had led to increased violence and killings of protesters and thus presented a new risk of persecution.

4

He reiterated his claims from his original application—that he joined a protest march in 2007 (but was not arrested), that he was arrested in 2008 and 2009 for attempting to distribute aid with other National League for Democracy members and complaining about a robbery, and that he was forcibly conscripted into the military—but he stated that his claim "based on country conditions squarely focuse[d] on [his] political activities in the United States." None of these allegations or arguments identify a claim independent from his past interactions with the military and the police, apart from his claim based on his activities in the United States. "[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it." *Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024). Accordingly, his argument here that he has a well-founded fear of persecution because he attended protests in 2007 that is independent of his allegations of past harm, is unexhausted. Moreover, the argument is not grounded in the record, as he presented no evidence that the Burmese police or military were aware that he joined a protest in 2007, so his fear of future harm on that basis is necessarily linked to his past arrests, i.e., the government's knowledge of his

5

political opinion, which is what he failed to corroborate in the underlying proceedings.

In sum, Kyi has abandoned review of the BIA's dispositive findings that he failed to submit material and previously unavailable evidence of his past interactions with Burmese authorities related to his political opinion. *See* 8 C.F.R. § 1003.2(c)(1); *Abudu*, 485 U.S. at 104–05; *Debique*, 58 F.4th at 684.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court